UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON GERAY,

          Plaintiff,

    v.

DESIREE MORA, et al.,

          Defendants.

Case No. 25-cv-07632-KAW (PR)

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

United States District Court
Northern District of California

This is a civil rights case filed *pro se* by plaintiff who, at the time of filing the complaint, was being held in state custody. Plaintiff has since filed a Notice of Change of Address informing the court that he has been released on parole and is no longer a "prisoner" within the meaning of 28 U.S.C. § 1915. *See Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000) (to fall within the definition of "prisoner," the individual in question must be currently detained as a result of accusation, conviction, or sentence for a criminal offense). Because plaintiff is not a "prisoner," the provisions of section 1915—that require prisoners who seek to proceed *in forma pauperis* ("IFP") to submit a copy of transactions in their inmate account and provide that the full filing fee be paid in installments—do not apply to him. However, non-prisoners are required by section 1915(a)(1) to provide an affidavit with sufficient information to allow the Court to make an accurate determination whether they are indigent and thus entitled to proceed IFP. The Court notes that plaintiff has recently completed and filed a non-prisoner IFP application form. Dkt. 6.

Plaintiff's application to proceed IFP is GRANTED. Dkt. 6.

The court will review plaintiff's complaint in a separate written Order.

Also, Plaintiff has filed a motion for appointment of counsel in this prisoner civil rights action under 42 U.S.C. § 1983. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). The court may seek counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires

an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage, and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel is DENIED without prejudice.[1]

This Order terminates Docket Nos. 6 and 7.

IT IS SO ORDERED.

Dated: May 7, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

[1] The Court may of course consider appointing of counsel later in the proceedings; that is, after the court has reviewed the complaint to serve any cognizable claims, and Defendants have filed their dispositive motion. At that time, the Court will be in a better position to consider the procedural and substantive matters at issue. Plaintiff may therefore file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.

2